UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERODE GARNER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1179** |
| **PONTCHARTRAIN PARTNERS, LLC, ET AL** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Stay Pending Interlocutory Appeal** (Rec. Doc. 66) filed by defendant, Ponchartrain Partners, LLC, is **DENIED**.

### BACKGROUND

This case stems from a maritime personal injury that occurred while the plaintiff was working aboard a vessel captained by Captain Kevin Morgan at a Ponchartrain Partners, L.L.C. ("Ponchartrain Partners") jobsite, as part of a project to build breakwater jetties to protect Grand Isle. The court, in a previous Order & Reasons (Rec. Doc. 62), granted summary judgment in favor of Captain Morgan's nominal employer, Z.E. Services, L.L.C. ("Zealous"), finding that Captain Morgan was the borrowed employee of Ponchartrain, and relieving Zealous of respondeat superior liability for Captain Morgan's acts.

Pursuant to 28 U.S.C. § 1292(a)(3), which authorizes interlocutory appeals from district court judgments determining the rights and liabilities of the parties to admiralty cases, Ponchartrain has filed a notice of interlocutory appeal from the summary judgment in Zealous' favor. In the instant motion, Ponchartrain seeks to stay this matter pending resolution of the

interlocutory appeal. Zealous opposes a stay.

## DISCUSSION

District courts posses inherent authority to manage their dockets, which includes the power to stay proceedings. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In determining whether a discretionary stay should be granted, courts apply a four-factor test, and consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay]." Weingarten Realty Invs. v. Miller, 661 F.3d 904, 910 (5th Cir. 2011) (internal quotations and citations omitted). The first two factors are considered the most important. Nken v. Holder, 556 U.S. 418, 434 (2009).

However, with respect to the first factor, the United States Court of Appeal for the Fifth Circuit has explained that "the movant 'need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay.' " Wildmon v. Berwick Universal Pictures, 983 F.2d 21, 23 (5th Cir. 1992) (quoting United States v. Baylor Univ. Med. Ctr., 711 F.2d 38, 39 (5th Cir.1983)). Serious legal questions are those that present "legal issues with far-reaching effects, involving significant public concerns, or impacting federal/state relations." City of El Paso, Texas v. El Paso Ent., Inc., 2009 WL 2143922, at *2 (W.D. Tex. July 8, 2009) (citing Wildmon, 983 F.2d at 23-24). The Fifth Circuit has also cautioned that "the moving party bears a heavy burden to show why a

stay should be granted absent statutory authorization,"[1] and "something close to genuine necessity" is required to issue a discretionary stay. Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., 761 F.2d 198, 204 n.6 (5th Cir. 1985).

In the instant case, Ponchartrain relies on Wildmon and argues that it need only show a substantial case on the merits, rather than a strong showing of a likelihood of success on the merits, because its appeal involves a serious legal question and the balance of equities heavily favors a stay. Ponchartrain further argues that the issue it has appealed – a finding that it was the borrowing employer of Captain Morgan – presents a serious legal question, especially because Captain Morgan testified that he was employed by Zealous.

The court disagrees. At issue in the summary judgment motion was whether application of the Ruiz factors[2] weighed in favor of a borrowed employee finding. The determination of borrowed employee status was made through the straightforward application of the facts of this case to established law. Further, Captain Morgan's belief that Zealous was his nominal employer

---

[1] Ponchartrain appears to suggest that statutory authorization exists for the requested stay, citing Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)(1). Federal Rule 62(c) applies to injunction, receivership, or patent accounting orders, none of which are the subject of the interlocutory appeal in this case. Federal Rule of Appellate Procedure 8(a)(1) merely provides that a party seeking a stay pending appeal must ordinarily move first in the district court for "(A) a stay of the judgment or order of a district court pending appeal; (B) approval of a bond or other security provided to obtain a stay of judgment; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." FED. R. APP. PROC. 8(a)(1). Thus, while instructing that a stay must first be sought in the district court, it does not provide a statutory basis for the requested stay, which is discretionary.

[2] In Ruiz v. Shell Oil Co., 413 F.2d 310, 312–13 (5th Cir. 1969), the United States Court of Appeals for the Fifth Circuit outlined nine factors to be used to determine whether the borrowed employee doctrine applies.

was not disputed. Thus, the interlocutory appeal does not involve "legal issues with far-reaching effects, involving significant public concerns, or impacting federal/state relations." See City of El Paso, supra. Accordingly,

    **IT IS HEREBY ORDERED** that the **Motion to Stay Pending Interlocutory Appeal** (Rec. Doc. 66) filed by defendant, Ponchartrain Partners, LLC, is **DENIED**.

    New Orleans, Louisiana, this 18th day of August, 2022.

                                **MARY ANN VIAL LEMMON**
                                **UNITED STATES DISTRICT JUDGE**